**METROPOLITAN D. C. REFUSE HAUL- ERS ASSOCIATION, an unincorporated trade association, et al., Appellants,**

v.

**Walter E. WASHINGTON, Commissioner of the District of Columbia, et al.**

**No. 72-1438.**

United States Court of Appeals, District of Columbia Circuit.

April 18, 1973.

Rehearing Denied May 21, 1973.

Alexander Boskoff, Washington, D. C., was on the brief for appellants.

C. Francis Murphy, Corp. Counsel, Richard W. Barton and David P. Sutton, Asst. Corp. Counsels, were on the brief for appellees.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and MacKINNON, Circuit Judge.

PER CURIAM:

This case involves the validity of a provision of the District of Columbia Solid Waste Regulations contained in section 8–3:606(e) which reads as follows:

> . . . Each licensee shall pay no less than $5.00 per ton for solid waste disposal provided at any District owned operated or contracted facility.

Each refuse hauler is required to obtain a "collector's license" and a "collection vehicle license for each vehicle so used" (section 8–3:606(a)).

■■ Licensed collectors are not required to use a "District owned operated or contracted facility" but if they do the regulation imposes a fee of "no less than $5.00 per ton [of] solid waste" so disposed. Appellees assert that authority for this $5 fee derives from various congressional enactments: First, from D. C.Code § 1–226 (1967) which authorizes the "usual police regulations," *i. e.*:

> The Commissioners of the District of Columbia are hereby authorized and empowered to make and enforce all such reasonable and usual police regulations in addition to those already made under section 1–224, 1–

225, as they may deem necessary for the protection of lives, limbs, health, comfort and quiet of all persons and the protection of all property within the District of Columbia.

Second, from D.C.Code § 47–2344 (1967) which, more to the point we are here concerned with, provides:

> The commissioners of the District of Columbia are authorized and empowered, when in their discretion such is deemed advisable, *to require a license of other businesses or callings* not listed in this chapter and *which, in their judgment, require inspection, supervision, or regulation by any municipal agency or agencies and to fix the license fee therefor in such amount as, in their judgment, will be commensurate with the cost to the District of Columbia of such inspection, supervision, or regulation,* and are further authorized and empowered in their discretion . . . to raise or lower the amount of the license fee provided in this chapter, as the cost of inspection, supervision, or regulation is raised or lowered (emphasis added).

Third, from D.C.Code §§ 6–811–812 (Supp. IV 1971), the regulation relating to air pollution control, which authorizes

> the Council [to] prescribe regulations for the control of the following air pollution problems in the District of Columbia:
>
> \*  \*  \*  \*  \*  \*
>
> (B) solid waste disposal and salvage operations
>
> \*  \*  \*  \*  \*  \*

Fourth, from D.C.Code § 6–501 (1967):

> The Commissioners of the District of Columbia are hereby authorized *to make necessary regulations* for the collection and *disposition* of garbage in the District of Columbia, and to annex to said regulations such penalties as will secure the enforcement thereof.

Also, D.C.Code § 6–504 (1967) reads as follow:

> The commissioners are authorized, *if in their opinion such action shall be*

*to the best interests of the District of Columbia,* after July 11, 1919, *to conduct any or all of the operations involved in the collection and disposal of city refuse of every kind as municipal functions,* and for that purpose to purchase or lease the necessary plants, buildings, and land, to purchase or hire horses and horse-drawn vehicles, passenger-carrying and other motor-propelled vehicles, equipment, and machinery, and to employ expert and other personal services, and labor, and to pay traveling, maintenance, incidental, and contingent expenses (emphasis added).

It is plain from the foregoing statutes that the District is authorized "to make . . . regulations for the . . . disposition of garbage" (D.C.Code § 6–501); and "to conduct any . . . operation[s] involved in the . . . disposal of city refuse . . . as [a] municipal function[s]" (D.C.Code § 6–504). Also, it is clear that the business of disposing of solid wastes is not a "business[es] or calling[s] . . . listed in this chapter [D.C.Code §§ 47–2301–2350] [and thus the District of Columbia may] fix the license fee [for disposal] in such amount as . . . will be commensurate with the cost to the District of Columbia of such inspection, supervision [and] regulation" (D.C.Code § 47–2344). Those licenses issued for the "collection [and] transportation of solid wastes in or through the District" (section 8–3:606(a))[1] do not cover the *disposal* of solid wastes in the District. The fee of $5 per ton is the type of license fee that is authorized by the above act (D.C.Code § 47–2344) and there is no proof in this case that the income it produces makes it more than a license fee, *i. e.,* that the revenue it produces is not commensurate with the cost of the supervision and regulation. If the total income to the District from

such fees was not commensurate with the cost of so regulating the disposal of such wastes the fee would be illegal to the extent that the revenue therefrom exceeded the applicable costs.

With the above comments we affirm the validity of the fee on the basis of Judge Smith's Memorandum Opinion and Order and also adopt the finding of such opinion on the constitutional issues.

Judgment accordingly.

---

1. Section 8–3:606(a) provides:
    Other than the District, no person shall by himself or otherwise use any vehicle for the collection or transportation of solid wastes in or through the District either for himself or for others without first having obtained a collector's license so to do and a collection vehicle license for each vehicle so used.